JaVonne M. Phillips, Esq. SBN 187474
Kelly M. Raftery, Esq. SBN 249195
**McCARTHY & HOLTHUS, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone (877) 369-6122
Fax (619) 685-4811

Attorneys for U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-HY7, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Rose Court, LLC,<br><br>    Debtor. | ) Case No. 17-31014 HLB<br>)<br>) Chapter 11<br>)<br>) **RESPONSE TO OBJECTION**<br>) **TO CLAIM #3**<br>)<br>)<br>) Date:  5/17/2018<br>) Time: 10:00 AM<br>) Ctrm: 19, 16th Floor<br>) Place: 450 Golden Gate Avenue<br>)       San Francisco, CA 94102<br>) |

U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-HY7, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc. ("Respondent" or "Secured Creditor") responds herein to Rose Court LLC's ("Debtor") objection to Claim 3 in bankruptcy case 17-31014.

## I.  INTRODUCTION

Secured Creditor is entitled to receive payments pursuant to a promissory note which matures on 5/1/2037 and is secured by a Deed of Trust on the subject property commonly known as 15520 Quito Rd, Monte Sereno, CA 95030 ("Subject Property"), and legally described as set forth in **Exhibit "1"**. The deed of trust and promissory note were executed by Teri Ha Nguyen ("Original Borrower" or "Obligor"), as the sole borrower and obligor on Secured Creditor's loan secured by the Subject Property. A true and correct copy of the promissory note is attached hereto was **Exhibit "3"**. As of the date of this instant bankruptcy filing on 10/10/2017, the amount in of the Secured Creditor's claim was $3,320,984.92, with a default of $1,129,636.27, as described in the Proof of Claim filed by Secured Creditor on 2/9/2018 ("Claim 3"). A true and correct copy of Secured Creditor's Claim 3 is attached hereto was **Exhibit "19"**.

Debtor is an active Limited Liability Corporation registered with the Secretary of State of California by Vinh H. Nguyen, also believed to be identified as Vince Nguyen, the Managing Member of the Debtor and individual who signed this instant bankruptcy petition. Neither Debtor, nor its Managing Member Vinh H. Nguyen aka Vince Nguyen, is obligated on the Secured Creditor's loan secured by the Subject Property.

On 10/10/2017, one day before the scheduled Trustee's Sale for the Subject Property, Debtor filed this instant bankruptcy petition. On 2/9/2018, Movant filed a Proof of Claim in the total amount of $3,320,984.92, and reflecting arrears due of $1,129,636.27. On 4/04/2018, Debtor objected to Claim 3 and listed the following defects with respect to the claim: (1) does not include a valid copy of the security agreement and evidence of perfection, (2) does not include a valid copy of the assignment(s) upon which it is based, and (3) the arrearage was computed in error (no further description provide). Debtor is requesting this Court disallow the

claim entirely, or, in the alternative, Court to approve the correct computation of the arrearage as proposed by the party. Debtor does not include any additional explanations or evidence in support of these objections, and does not suggest any alternative computation of the arrears.

Transfer of Interest in Subject Property to Debtor

On or around 10/9/2009, Original Borrower, Teri Ha Nguyen, transferred a partial interest in the property to Vinh D. Nguyen and/or Teri Ha Nguyen, trustees, or successor trustee of the Nguyen-Ha Living Trust Date December 10, 2004 without the knowledge or consent of the Secured Creditor in violation of the terms of the Deed of Trust Original Borrower signed. Vinh D. Nguyen aka Vince D. Nguyen is understood to be Original Borrower Teri Ha Nguyen's spouse, and a licensed attorney in California and associated with the Newton Law Group. A true and correct copy of the Trust Transfer Deed is attached hereto as **Exhibit "6"** (see exhibits pgs. 64-65) and incorporated herein by reference.

On or around 2/01/2010, Vinh D. Nguyen, as trustee, and Teri Ha Nguyen, as trustee, transferred an alleged interest in the property to Rose Court, LLC without the knowledge or consent of the Secured Creditor in violation of the terms of the Deed of Trust Original Borrower signed. A true and correct copy of the unauthorized Grant Deed is attached hereto as **Exhibit "5"** (see exhibits pgs. 60-61) and incorporated herein by reference.

On or around 10/21/2015, Rose Court, LLC transferred an alleged interest in the property to Rose Court, LLC, a California Limited Liability Corporation, and Teri Ha Nguyen, a married woman, without the knowledge or consent of the Secured Creditor in violation of the terms of the Deed of Trust Original Borrower signed. A true and correct copy of the unauthorized Grant Deed is attached hereto as **Exhibit "5"** (see exhibits pgs. 62-63) and incorporated herein by reference.

History of Debtor's Bankruptcy Filings

On 02/01/2010, Rose Court, LLC filed a previous bankruptcy petition in the Northern District of California (San Jose Division) as Case Number 10-50993. Debtor was represented by Bankruptcy Counsel. Debtor Rose Court LLC's motion to dismiss the case was granted on

5/05/2011, and the Court entered an Order Terminating Case on 05/24/2011. A true and correct copy of the PACER Docket is attached hereto as **Exhibit "8"**.

On 11/06/2012 Rose Court, LLC filed a second bankruptcy petition in Northern District of California (San Jose Division) as Case Number 12-58012. Debtor Rose Court LLC was represented by Bankruptcy Counsel. Debtor's second bankruptcy spanned over two years, but during that time Debtor was unable to confirm a Chapter 11 Plan. Debtor Rose Court LLC was dismissed on 12/19/2014, and the Court entered an Order Terminating Case on 01/13/2015. A true and correct copy of the PACER Docket is attached hereto as **Exhibit "8".**

On 10/10/2017, Debtor filed this instant bankruptcy petition one day before the scheduled Trustee's Sale for the Subject Property.

## II. LEGAL STANDARD

Unless an objection is filed, a timely filed proof of claim is deemed allowed. [11 USC §502(a); *In re G.I. Indus., Inc*. (9th Cir. 2000) 204 F3d 1276, 1280.] Proof of Claim controls unless Debtor can provide evidence to rebut the presumption of validity of the claim. *In re Southern California Plastics, Inc.* (9th Cir. 1999), 165 F.3d 1243, 1247-1248). To overcome the presumption that the claim is valid and correct, debtor must provide evidence to the contrary which creates a triable issue of fact. [*In re G.I. Indus., Inc.* (9th Cir. 2000) 204 F3d 1276, 1280; *In re Medina* (9th Cir. BAP 1996) 2005 BR 216, 222; *In re Hemingway Transport, Inc.* (1st Cir. 1993) 996 F2d 915, 215; and *In re Gran* (8th Cir. 1992) 964 F.2d 822, 827.]

Debtor inaccurately states that Claim #3 does not include a valid copy of the security agreement and evidence of perfection, and does not include a valid copy of the assignment(s) upon which it is based. Debtor also asserts the arrearage was computed in error, but fails to provide any explanation or evidence to support that assertion.

///
///
///
///

Secured Creditor Claim 3 is supported by:

- Recorded Deed of Trust dated 4/24/2007 executed by Teri Ha Nguyen with lender Washington Mutual Bank, FA. Please see **Exhibit "1"**.
- Recorded Affidavit of the Federal Deposit Insurance Corporation regarding JPMorgan Chase Bank's purchase and assumption of Washington Mutual Bank, FA's assets. Please see **Exhibit "3"**.
- Assignment of the Deed from JPMorgan Chase Bank National Association to Bank of America successor Trustee to LaSalle Bank NA as Trustee to WaMu Mortgage Pass Through Certificates Series 2007-HY07 Trust. Please see **Exhibit "2"**.
- Promissory note indorsed to Bank of America successor Trustee to LaSalle Bank NA as Trustee to WaMu Mortgage Pass Through Certificates Series 2007-HY07 Trust. Please see **Exhibit "3"**.
- Assignment and Assumption Agreement between Bank of American and U.S. Bank National Association. Please see **Exhibit "3"** (WaMu Mortgage Pass Through Certificates Series 2007-HY07 Trust is identified pg. 55).
- 410a form totaling 13 pages detailing amounts due and included in the total arrearage of $1,129,636.27, and total claim of $3,320,984.92. Please see **Exhibit "19"**.
- Declaration of Erika Smith, Document Control Officer and Bankruptcy Supervisor at Select Portfolio Servicing, filed concurrently with this response.

These documents, and supporting declaration, establish Respondent's standing to file a claim on this instant bankruptcy case to collect on its loan due as of 10/10/2017 in the amount of $3,320,984.92, with a default of $1,129,636.27. Debtor has not presented any arguments or evidence to support its assertions that Secured Creditor's Claim 3. Debtor also does not present any arguments or evidence as to why the figures presented in Claim 3's 410a form are inaccurate. Debtor's objection is without merit and should be overruled.

///

///

### III. RESPONSE TO OBJECTION

**a. 11 U.S.C. §524 Prohibits Debtor Rose Court LLC from being able to Discharge Debt of Non-Debtor Original Borrower Teri Ha Nguyen; therefore, disallowance of Claim 3 within Debtor's instant bankruptcy case should not eliminate Secured Creditor's ability to continue collection of the secured debt against Original Borrower Nguyen and Subject Property upon expiration of the bankruptcy stay.**

Debtor, as a non-obligor on the loan secured by the Subject Property, does not have the ability as a non-obligor to remove the debt obligation from the Subject Property or Original Borrower. Debtor, while having a title interest and control of the Subject Property, is not obligated on the Note and is attempting to disallow Secured Creditor's claim in its entirety and/or alter the amount due under the note in this instant bankruptcy case which is in violation of Under 11 U.S.C. §524. Debtor obtaining an order disallowing the claim in this bankruptcy case will not cause the loan to disappear and be non-collectable against the Original Borrower Nguyen or the Subject Property.

Under 11 U.S.C. §524, a non-obligor debtor cannot discharge the debt of a non-debtor in its bankruptcy case. Here, Debtor is not the original borrower or obligor on the Note secured by the Subject Property and now asserts Secured Creditor's claim should be disallow in its bankruptcy case. Under 11 U.S.C. 524(a), "a discharge under Chapter 11 releases the debtor from personal liability for any debts. Section 524 does not, however, provide for the release of third party non-debtors from liability; to the contrary, §524(e) specifically states that 'discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." *Resorts Int'l v. Lowenschuss*, 67 F.3d 1394, 1401 (9th Cir. Nev. 1995).

Upon expiration of the bankruptcy stay, Secured Creditor will be able to continue collection against the Obligor and Subject Property. Section 524(e) states, "that discharge of a debtor does not affect the liability of third parties on an obligation. Thus, the stay will expire either on its own terms or upon the close of the case, and the creditor may proceed against the co-debtor." *In re American Hardwoods*, 885 F.2d 621, 626 (9th Cir. Or. 1989). "A discharge in

bankruptcy merely releases the debtor from personal liability for the debt. The debt still exists and can be collected from any other entity liable on the debt. Discharge 'does not affect the liability of any other entity on, or the property of any other entity for, such debt." *Matter of Edgeworth*, M.D. 993 F.2d 51, 53 (5th Cir. 1993).

Here, Debtor does not have a personal liability on the loan secured by the Subject Property and owed to Secured Creditor. If the Debtor successfully disallows the claim in its bankruptcy case, or where to only pay a portion of the debtor, the remaining amounts due will remain due and still be collectable from the Obligor and/or the Subject Property. Any unpaid portion of the debt remains as a lien against the Subject Property and an obligation of the original borrower which can be satisfied by either, and will still result in Secured Creditor seeking its federal and state law remedies to repay the debt in full. Therefore, Debtor Rose Court LLC cannot discharge the debts of non-debtor/borrower/obligor Teri Ha Nguyen, who will remain personally liable for all amounts due and owing on the loan, in addition to the obligation remaining secured by the Subject Property.

Debtor does not have the ability to modify or disallow Claim 3 because Debtor is not an obligated party on the loan; therefore, an order in this case should not affect Secured Creditor's ability to collect on the loan against the third party Obligor or the Subject Property. 11 U.S.C. §524 renders the objection to claim moot since as soon as the bankruptcy stay expires Secured Creditor can look to the Obligor or the Subject Property to satisfy the debt.

**b. Secured Creditor's perfected interest was created upon the recording of the deed of trust on 5/01/2007 with the Santa Clara County Recorder's Office; a copy of which was included as evidence of standing and a perfected interest with Secured Creditor's Claim 3.**

Secured Creditor's Claim 3 provides evidence of a perfected interest in the loan secured by Subject Property through its recorded Deed of Trust. Debtor erroneously states in its objection to Claim #3 that Respondent did not include the required copies of the security agreement and evidence of perfection of its lien against the Subject Property; however, that is

incorrect as a copy of the recorded Deed of Trust was included with Claim #3 at the time of filing.

Secured Creditor has a perfected, secured lien on the Subject Property as the deed of trust was recorded by the Santa Clara County Recorder's Office on 05/01/2007 as document #19406773 and perfection occurred upon this recording of the security instrument. Please see a copy of the recorded deed of trust attached hereto as **Exhibit "1".** The term "perfection" is usually considered in the context of viability of a security interest under Article 9 of the Uniform Commercial Code, UCC § 9-304(1) which states, "A security interest in chattel paper or negotiable documents may be perfected by filing." Furthermore, California Civil Code § 1170 states, "An instrument is deemed to be recorded when, being duly acknowledged or proved and certified, it is deposited in the recorder's office, with the proper officer, for record." As the Subject Property is located in Santa Clara County, California this was the proper venue to deposit the deed of trust, and the Recorder confirmed it was properly signed and acknowledged as required by law. Therefore, the lien was perfected upon the recording of the Deed of Trust and any subsequent assignments do not affect the standing and priority of this lien.

Assignments of a deed of trust do not create perfection or a transfer, as the purpose of recorded assignments is the provide notice to interested parties. Pursuant to California Civil Code § 2934, any assignment of the beneficial interest under a deed of trust *may* be recorded, and from the time the same is filed for record operates as constructive notice of the contents thereof to all persons. Nothing in the wording of the section, however, operates to defeat the title of the assignee of a note and trust deed, as the transfer of the note carries with it the security and the trust deed is a mere incident of the debt and the property can only be foreclosed by the owner of the note. The general rule in California is that perfection of a security interest in an instrument can only occur with actual possession of the instrument by the secured party or by an agent or bailee on his behalf. *In re Bruce Farley Corp.* 612 F.2d 1197, 1199-1200 (9th Cir. 1980); *In re Staff Mortg. & Inv. Corp.*, 625 F.2d 281; Cal. U. Com. Code §§9305, 9312.

Both California and Federal laws do not require physical paper assignments be recorded at the County Recorder's Office, as beneficial rights and interests are conveyed through the

physical transfer of the Promissory note from one beneficiary to the next and not through the recordation of physical paper assignments. Assignments are a form of notice and not perfection of a lien.

On 3/30/2009, an assignment to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-HY7 was recorded by the Santa Clara County Recorder's Office providing notice of the transfer of interest to the WaMu Mortgage Pass-Through Certificates, Series 2007-HY7 trust. Please see a copy of the recorded assignment of deed of trust attached hereto as **Exhibit "2"**. U.S. Bank National Association is now the successor trustee to Bank of America, as documented in **Exhibit "3"**.

Here, Secured Creditor perfected its lien upon the recording of the deed of trust on 3/30/2009. Additionally, an assignment to the beneficiary was also recorded to provide notice. The deed of trust and assignment are both recorded and therefore self-authenticating documents. The deed of trust and assignment are also further supported by the declaration of Erika Smith, Document Control Officer and Bankruptcy Supervisor at Select Portfolio Servicing, Inc. filed concurrently with this response.

**c. Secured Creditor is the beneficiary and holder of the promissory note secured by the Subject Property, and the promissory note is indorsed in the name of the beneficiary; a copy of which was included as evidence of standing with Secured Creditor's Claim 3.**

Secured Creditor's Claim 3 provides evidence of standing with a copy of the promissory note indorsed to the beneficiary. Debtor erroneously states in its objection to Claim #3 that Respondent did not include the required copies of the security agreement and evidence of perfection of its lien against the Subject Property; however, that is incorrect as a copy of the promissory note indorsed to the beneficiary was included with Claim #3 at the time of filing.

California adopts Article 3 of the Uniform Commercial Code which governs all negotiable instruments, such as a promissory note. Under California Commercial Code §3301, a

<u>party can enforce a note if the party is in possession of the note and the note is endorsed to that party or is endorsed in blank</u>. See also Cal. Comm. Code §3205(b). Therefore, enforcement of the note and standing to be party in interest comes down to possession of the promissory note. Please see the declaration of Erika Smith, Document Control Officer and Bankruptcy Supervisor at Select Portfolio Servicing, Inc., filed concurrently with this response, advising that U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-HY7 is the holder of the note dated 04/24/2007 in the principal amount of $2,500,000.00 which is secured by the Deed of Trust of the same date.

The California Commercial Code § 3301 states:

> "Person entitled to enforce" an instrument means (a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

Both today, and at the time the Proof of Claim was filed, Secured Creditor was the, "person in possession of a negotiable instrument that is payable to bearer or, to an identified person that is the person in possession," and making Secured Creditor the "holder" of the Promissory note under the California Commercial Code and entitled to file a proof of claim and enforce the terms of the note. *See* Cal. Com. Code § 1201(b)(21)(A), and §3201.

Secured Creditor should not be required to provide the original note, as an authenticated copy is sufficient. Under FRE 1003 duplicates, or copies, of a document are admissible in court, "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Debtor has not asserted any such claims in this case that would require Secured Creditor to produce more than a copy of the promissory note authenticated by concurrent declaration based on the business records of Secured Creditor.

Secured Creditor is the holder of the Note secured by a Deed of Trust recorded against the Property, and as such has the right to enforce the terms of the loan and file a claim in the borrower/Debtor's instant bankruptcy case.

   **d. Debtor has not met its burden as described in the Ninth Circuit case of *In re Southern California Plastics, Inc.* because Debtor has not presented any evidence to contradict the documents or figures presented with Claim 3; therefore the objection should be overruled.**

Debtor has failed to overcome the presumption Secured Creditor's Claim 3 is valid and correct. Debtor does not provide any evidence to indicate that the secured claim amount stated in the claim is inaccurate. Proof of Claim controls unless Debtor can provide evidence to rebut the presumption of validity of the claim. *In re Southern California Plastics, Inc.* (9th Cir. 1999), 165 F.3d 1243, 1247-1248). Secured Creditor filed a timely and legal proof of claim. This Court set a bar date of 2/12/2018, and Secured Creditor's Proof of Claim was filed prior to that deadline on 2/9/2018. Debtor's objections to the claim are vague and ambiguous, and Debtor has not provided any evidence, or any information, to create a triable issue of fact.

Secured Creditor's deed of trust and promissory note secured by the Subject Property allow for collection of principal, interest, late charges, attorney fees, property inspection fees, valuation fees, foreclosure fees and costs, and other fees and costs associated with protecting its interest in the Subject Property. Secured Creditor is the beneficiary of the note in the amount of $2,500,000.00 which is secured by its Deed of Trust recorded against the Subject Property on 5/01/2007. Please see a copy of the Deed of Trust and Note attached hereto as **Exhibits "1"** and **"3"**, respectively. Under the terms of the Note and Deed of Trust, Secured Creditor is permitted to collect payments with interest on the loan secured by the Subject Property.

Debtor did not provide any proof of payments to contradict the substantial delinquency on the loan in its objection, or provide any specific objections or evidence to contradict the figures detailed in Secured Creditor's *thirteen page* 410a form. Secured Creditor provided a breakdown in the 410a form of the $1,129,636.27 in arrears owed on the loan as of 10/10/2017.

Debtor has not overcome its burden to provide evidence to rebut the presumption of validity of the claim or create a triable issue of fact because Debtor has not presented any argument or evidence as to why the amounts stated in Claim 3, and further authenticated by the declaration of Erika Smith, Document Control Officer and Bankruptcy Supervisor at Select Portfolio Servicing, Inc.

## IV. CONCLUSION

Secured Creditor holds a valid and secured claim which should either be allowed in full, or Secured Creditor should be provided relief from stay to proceed with its default remedies against the original borrower and/or the Subject Property. Claim 3 was filed with supporting documentation of Secured Creditor's standing and perfected interest in the loan secured by the Subject Property in the form of its deed of trust and promissory note, in addition to a detailed thirteen page itemization of all amounts due as of the date of this bankruptcy filing.

Debtor's objections against Secured Creditor's Claim 3 are without merit in the form evidence or legal argument, and should be overruled. Debtor has not met its burden to disallow and/or reduced Claim 3, or prevent Secured Creditor from pursuing the default against the original borrower and/or the Subject Property after the current bankruptcy stay is removed since Debtor is not an obligor on the loan. Debtor does not provide any evidence of payments or other information to dispute the arrears stated in Claim 3.

WHEREFORE, Secured Creditor respectfully requests this Honorable Court overrule Debtor's objection to Claim 3, and provide any other relief as is just.

Dated: 4/25/2018  **McCARTHY & HOLTHUS, LLP**

By: /s/ Kelly M. Raftery
Kelly M. Raftery, Esq., Attorneys for U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-HY7, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.